IKE ROSEMAN, Plaintiff, *v.* FIDELITY AND DEPOSIT COMPANY OF MARYLAND and Another, Defendants.

City Court of New York, Bronx County, February 15, 1933.

*Julius Wolfson,* for the plaintiff.

*Bonynge & Barker* [*Daniel A. Dorsey* of counsel], for the defendants.

KOCH, J. This is an application for an order dismissing the complaint on the ground that this court does not have jurisdiction of the subject-matter of the action on the ground that the complaint does not state a cause of action, and on the further ground that there is a defect of parties defendant.

The complaint alleges that the plaintiff is a nephew and one of the next of kin of Ike Levy, who died intestate in the county of Los Angeles, State of California, on December 10, 1928, leaving him surviving in that county and State no heirs or next of kin entitled to administer his estate; that on December 27, 1929, the public administrator in and for the county of Los Angeles, State of California, duly qualified as such public administrator in the administration of the estate of the said Ike Levy; that the decedent left him surviving as heirs and next of kin Annie Levy and Abe Levy, sister and brother, Joe Breslow and Annie Breslow, children of a deceased sister, and plaintiff, Ike Roseman, the child of another deceased sister; that said public administrator on July 20, 1929, distributed all the assets of the estate, amounting in all to $5,595, to all of the parties above named, except the plaintiff, Ike Roseman, who, as the complaint alleges, was entitled under the provisions of the California Probate Code to receive by right of representation one-fourth of the estate distributed, to wit, the sum of $1,398.75; that the said public administrator " has failed to faithfully discharge his official duties as public administrator and has negligently, carelessly and recklessly administered the estate and has failed to follow out the provisions of the law respecting the distribution of the estate; " further, that the said public administrator " was faithless, negligent and reckless in the discharge of his official duties as public administrator in the aforesaid estate, in that he failed to ascertain the true heirs or next of kin of the estate and failed to make proper administration and distribution to all of the heirs of the estate and negligently, faithlessly and recklessly failed and refused to make any distribution to Ike Roseman, the plaintiff herein." The complaint further alleges that on October 5, 1918, the defendant National Surety Company and the defendant Fidelity

and Deposit Company of Maryland, each by its duly authorized attorney in fact, simultaneously, jointly and severally executed an official bond for the said public administrator by which each of the defendants bound itself in a sum not exceeding $25,000 to undertake the faithful performance of all of the official duties of the said public administrator during such time as he was in office and the said bond was in full force and effect.

The action is brought against the sureties only, the public administrator not being made a party. The answer denies the material allegations of the complaint and sets up a number of separate defenses.

That part of the defendants' motion which relates to the jurisdiction of the court presents a question which appears to be novel in this State, and diligent counsel on both sides have been unable to present in their memoranda any authority in this State for or against the proposition advanced. The defendants contend that inasmuch as the action is one brought on an official bond given in another State, it is against public policy to take cognizance of it as it involves the internal management of the affairs of a sister State. But for the fact that the action involves the official conduct of one holding public office in another State, there would be no good reason why the action should not be entertained in this court. It is brought by a citizen of the State. The defendants, being present here, jurisdiction over them has been properly obtained and the amount sued for is within the jurisdictional limitations of this court, and aside from the question of public policy involved, the action is transitory in character. (*Loucks* v. *Standard Oil Co.*, 224 N. Y. 99.) It is provided in article 4, section 2, of the Constitution of the United States that " the citizens of each state shall be entitled to all privileges and immunities of citizens in the several states," but it is well settled, as was said in the case of *Brower* v. *Watson* (146 Tenn. 626), " that it is not strict right, but comity, which enables one to bring a cause of action in one state for the enforcement of a cause of action which arises in another, and therefore there are well-known exceptions, not within the provisions of our Constitution, which prevent jurisdiction attaching, where the cause of action arose in another State." Again, " these exceptions grow naturally out of the principle that one State will not interfere with regulations relating to the government of another State." The principle is most widely recognized in the case of penal laws, " The courts of no country executing the penal laws of another." (*The Antelope*, 10 Wheat. 66.) The application of the principle, however, has not been limited to penal laws and has been discussed and recognized in decisions in a number of our States,

notably in *Brower* v. *Watson* (146 Tenn. 626; 244 S. W. 362); *Pickering* v. *Fisk* (6 Vt. 102) and *Probate Court* v. *Hibbard* (44 id. 597). The principle has its foundation in the recognition of an age-old principle of human conduct, that of permitting one's neighbor to manage his own affairs without molestation. It is a principle of interstate politeness. It permits each State to take care of its own soiled linen and obviates the possibility of interstate unfriendliness which might grow out of a controversy involving the question of usurpation of rights or powers of one State by another.

In the case at bar no denial of fundamental rights is involved. The laws of the State of California provide adequate relief for any complaint that might properly be made by the plaintiff, and, besides, an action would lie in this State against those who have been unjustly enriched. At most, the plaintiff could suffer only inconvenience as the result of a holding that jurisdiction over this action should not be assumed in the courts of this State. Mere inconvenience should not be considered an adequate argument against a policy designed to maintain friendly relationship between sister States. In the case at bar the plaintiff could not recover unless the delinquency of the public administrator was proven. It is a matter of no moment in considering the principle involved that the public official in question is not named as a party defendant. If anything, this rather aggravates the situation and gives point to the principle, for here the public official is accused without even the opportunity for defense.

For the reasons stated above it will not be necessary to discuss the adequacy of the complaint in the two other respects referred to in the notice of motion, and the motion, therefore, is granted and the complaint dismissed, with costs.